**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DENNIS HARRISON | CASE NO:  JKB-22-037 |

**GOVERNMENT'S SENTENCING MEMORANDUM IN SUPPORT OF A SENTENCE OF 50 YEARS FOR DEFENDANT DENNIS HARRISON**

The United States of America respectfully recommends that Dennis James Harrison be sentenced to 50 years imprisonment followed by lifetime supervised probation for his pervasive sexual abuse of children.  Undeterred as a registered sex offender on supervision, Harrison spent at least four years sexually abusing and exploiting two children between the ages of ten and twelve, as well as possessing and storing over 14,000 files of child pornography.  Each of the defendant's victims was the child of someone who was close to the defendant, and whose trust he betrayed in the most heinous way.  This case requires a significant sentence to protect society from this defendant, and to deter such perverse criminal activity within society.

As discussed in detail below, the statutory sentencing requirements for the crimes charged in this case mandate a sentence of no less than 25 and no more than 50 years.  Consideration of the sentencing factors enumerated in Title 18, United States Code, Section 3553(a) also recommend a significant prison sentence to protect the public from the defendant, to reflect the seriousness of the defendant's offenses, and to deter the defendant, whom despite his previous interaction with the criminal justice system as a child pornographer, remains undeterred and continues to victimize innocent minors.  In short, the only just sentence is a substantial period of incarceration, reflecting the seriousness of each of the defendant's disturbing and ongoing criminal offenses.

1

I.  **BACKGROUND**

The facts in this case are truly disturbing. The defendant exploited two minor females (ages 10-12 years old) for over 2 years, between 2018 and 2021. Additionally, the defendant possessed over 14,000 files of child pornography on eight different digital devices, including depictions of infants and toddlers being raped by adults.

A. **Harrison's Victimization of Jane Doe 1**

Jane Doe 1 was only twelve years old when she met Harrison, and only twelve years old when he began sexually abusing her. Harrison began grooming Jane Doe 1 immediately. He referred to her as his little sister. He used his familial position of trust to spend time with her alone and eventually to sexually abuse Jane Doe 1. When he sexually abused her, Harrison recorded the abuse for his sexual pleasure and add the images to his child pornography collection. Harrison admitted that he had vaginal sex and oral sex with Jane Doe 1. In his words, it included "everything."

On or about June 4, 2020, Harrison sexually abused Jane Doe 1 at his Maryland residence, producing 9 images of oral sexual abuse against Jane Doe 1. Between September 2020 and August 2021, Harrison created images of him sexually abusing Jane Doe 1 in his car. Additionally, he also caused Jane Doe 1 to self-create nude images of herself and send them to him on a secret and separate messaging platform. Specifically, on or about July 30, 2021, Harrison cause Jane Doe 1 to send images of herself in the nude in the shower.

B. **Harrison's Victimization of Jane Doe 2**

Jane Doe 2 was only ten years old when Harrison dated her mother in 2018. They lived together in hotels or his residence in Maryland. Harrison again used his position of trust and care to prey on a child. On at least 3 separate occasions, Harrison surreptitiously placed his phone in

locations where he knew Jane Doe 2 would be undressing, to capture images of her nude. Harrison created a series of 38 image files that depict Jane Doe 2 nude and partially nude in a bedroom in Pennsylvania; one video and 15 image files that depict Jane Doe 2 nude and partially nude as she enters and exits a shower in a bathroom in Pennsylvania; and a series of 3 image files that depict Jane Doe 2 nude and partially nude in a bathroom in Maryland.

### C. Harrison's Possession of Additional Child Pornography

On August 12, 2021, investigators recovered eight digital devices that contained over 14,000 files of child pornography including depictions of infants and toddler and sadomasochistic violence on children. Harrison hid these devices in a hidden compartment in his residence.

Harrison saved the child pornography he produced on multiple devices. In addition to images and video, Harrison also kept hundreds of text files that contain stories of sexual abuse. One file is titled "Grandpas Plathing (Mf, ped, exh, inc, 1st) and describes an 11-year-old being sexually abused by her grandfather. The files were tagged as "Sex abuse stories."

Equally as disturbing was Harrison's internet search history for a child size sex doll. Harrison's Bing search included searching for "My size doll porn" and visiting My Size Elsa Doll gets Fucked - Pornhub.com. During the August 12, 2021 searches, investigators seized evidence from a truck driven by Harrison to the Frederick Law Enforcement Center. In the bags of trash in the bed of the truck, investigators located a "Wispy Walker" doll in the packaging which had appeared to have been previously removed from the packaging. Below is a photo of the doll:



The defendant's conduct, child pornography collection, search history, and other files on his devices reveals that he is sexually attracted to minors, particularly prepubescent females. The defendant has shown that despite prior convictions, jail time, supervision, and registration, he continues to present a risk to minors, including those he will victimize for the first time, and those he will revictimize.

## II.     THE DEFENDANT'S CRIMINAL HISTORY

In August 2009, in the Court of Common Pleas of Adamas County, Pennsylvania, the defendant was convicted of 77 counts of possession of child pornography, violating § 6312(d)(1) of the Pennsylvania Criminal Code. The investigation arose out of allegations that the defendant masturbated and fed his semen to his two year old daughter. The victim's mother stated that the defendant "called her multiple times on the phone talking about committing explicit acts on his daughter and other fantasies he had".[1] The defendant was charged with Sexual Abuse of Children

---

[1] The complaint and affidavit in support of the complaint are attached as Exhibit 1.

and Corruption of Minors in addition to the child pornography possession charges, but was acquitted of the abuse and corruption charges in the same trial where he was convicted of 77 counts of possession of child pornography.

Despite serving that sentence, being on probation, and registering as a sex offender, the defendant continued to sexually exploit minors. As a result, Jane Doe 1 and Jane Doe 2 have been irreparably harmed. Accordingly, the Court should impose a significant sentence that deters further criminal activity of this nature and protects society from the defendant.

### III.   THE SENTENCING GUIDELINES & MANDATORY MINIMUM SENTENCE

#### A. Statutory Sentencing Requirements

The defendant agrees that his prior convictions relate to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor, and the production, possession, receipt, mailing, sale, distribution, shipment, and transportation of child pornography, pursuant to 18 U.S.C. § 2251(e). As a result, for a violation of 18 U.S.C. § 2251(a) (Count 1), the mandatory minimum sentence is 25 years' imprisonment, and a maximum sentence is 50 years' imprisonment. PSR ¶131. The Court may impose a term of supervised release of not less than five years to Life, pursuant to 18 U.S.C. § 3583(k).

#### B. Sentencing Guidelines Calculation

The Probation Office has calculated that the total offense level, after acceptance of responsibility, is 43. PSR ¶ 108. The government agrees with this calculation and asks that the court adopt the PSR's guidelines calculation at the time of sentencing.

The government agrees that the defendant is a criminal history category III. PSR ¶ 114. Because the total offense level, after acceptance of responsibility is 43,[2] the criminal history

---

[2] The defendant's offense score after acceptance of responsibility is 49. However, any offense over 43 shall be treated as a 43.

calculation has no impact on the guideline range in this case. An Adjusted Base Offense Level of 43 and any criminal history yields a guideline range of life imprisonment. Since the maximum sentence is 52 years, the guideline range is 50 years, or 600 months. PSR ¶ 132.

### IV. THE FACTORS ENUMERATED IN 18 U.S.C. § 3553(a) DEMONSTRATE THAT THE DEFENDANT SHOULD BE SENTENCED TO 50 YEARS IMPRISONMENT

#### A. The Nature and Circumstances of the Offense

The nature and circumstances of Harrison's offenses are disturbing and strongly weigh in favor of a lengthy sentence. Harrison's conduct demonstrates that he has an unwavering sexual interest in children and in the instant offense preyed on two children who were close to him. His victims were children to mothers who trusted Harrison and allowed him to care for and spend time alone with their children. He sought out that trust, and then exploited it.

The seriousness of defendant's exploitation and manipulation of both girls cannot be overstated. He groomed and manipulated a young and vulnerable Jane Doe 1. The messages between Harrison and Jane Doe 1 indicate not only Harrison's sexual physical abuse, but his persistent mental abuse and persistent manipulation to ensure she would continue to comply with his sexual exploitation:

>Harrison: I thought you liked throat
>
>Harrison: you are great at it
>
>Jane Doe 1: It's okay it just hurts a little and hard to breathe
>
>Harrison: sorry but never stop doing it
>
>Jane Doe 1: I not
>
>Harrison: it's a art that you mastered
>
>Harrison: the last video we made was perfect

Moreover, the defendant even discussed sexually abusing Jane Doe 1's future children. He

demonstrated his perpetual and persistent cycle of sexual abuse:

| | | |
|---|---|---|
| Harrison: | I cannot wait to watch your kids | |
| Harrison: | With or without you in the room | |
| Harrison: | You would blow my mind if you ever left that happen | |
| Jane Doe 1: | I would and I will | |
| Harrison: | Do you want to be there when I do it the 1st time or do you want me to just take them | |
| Jane Doe 1: | Just take them | |
| Harrison: | We have to stop talking about this | |
| Jane Doe 1: | Y | |
| Harrison: | Because you're getting me excited and it's not even here | |
| Harrison: | I can't wait to see the look on their faces when I'm block a finger in their Butt | |
| Harrison: | Hopefully it looks just like yours did[3] | |

Fortunately, 16 Google Cyber Tips generated from Harrison's child pornography collection led to the search and seizure warrant of Harrison's residence and the discovery of his sexual abuse of both Jane Doe 1 and Jane Doe 2.  But for these Cyber Tips, the defendant's sexual abuse of Jane Doe 1 would have certainly continued.  Undoubtedly, the defendant planned and would have continued to prey on and abuse her and any other children he would gain access to.

### B. The Seriousness of the Offense and the Need to Promote Respect for the Law and for Just Punishment

The sentence imposed needs to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).  A sentence of 50 years accomplishes this objective.

---

[3] The messages are from the chat attached as Exhibit 2.

The defendant's conduct in this case cannot be minimized, and the impact on the victims in this case—Jane Doe 1, Jane Doe 2, and their families—is immeasurable. In addition to living with the aftermath of sexual abuse, Jane Doe 1 will live forever with the knowledge that her pain and humiliation was filmed. Harrison was someone she trusted and called a brother. The defendant robbed Jane Doe 1 of her childhood. He robbed her of her sense of security. Moreover, both victim's mothers will forever question what they could have done to prevent a predator from gaining access to their daughter. A sentence of 50 years will vindicate the interests of the victims and appropriately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

C. **The Need for Deterrence and to Protect the Public**

A sentence of 50 years will likewise afford adequate deterrence to criminal conduct and protects the public from further crimes of the defendant. Harrison's criminal conviction and conduct demonstrates that he has been sexually attracted to minors for years and will go to great lengths to act on that desire— in this case engaging in the sexual abuse and production of child pornography with Jane Doe 1 and 2. The defendant's conduct in this case demonstrates that he represents a danger to the public, particularly to children. The defendant has manipulated, used, and exploited the victims for his own sexual gratification without concern or care for the impact of his abuse. There is a strong need to provide deterrence for any future criminal conduct and to protect the public from the defendant's crimes.

D. **History and Characteristics of the Defendant**

The defendant's prior conviction, and his conduct while on supervision and while on the sex offender registry, demonstrate that he is a pedophile who has no desire to change his conduct, who will prey on vulnerable children if given the slightest opportunity.

The defendant was being supervised by Agent Jillian Boger of the Frederick County

Maryland, was reporting as directed and completed sex offender treatment in June 2020. PSR ¶ 96. This was all contemporaneous to his sexual abuse of two prepubescent females, and the collection of thousands of files some of the worst hard core child pornography imaginable – rape of toddlers. The defendant was undeterred. There can be no question that the defendant's characteristics – his insatiable sexual interest in children – makes it impossible for him to comply with the law.

Every factor in Section 3553 suggests that the defendant receive a lengthy sentence that will protect the public from the defendant's conduct until he is no longer. That sentence should be 50 years.

## V.   VICTIM CONSIDERATION

As the Court certainly understands, this has been a difficult journey for the victims and their families. It has been difficult for both mothers to communicate about these events. There is an understandable anger, frustration, and desire to want this to be over so they can move on with their lives.

The impact of the defendant's conduct will stay with John Doe 1 for years to come. Her mother reasonably fears that Harrison's harm will have significant negative impact on Jane Doe 1's adolescence and adult life and that she has not processed it at all. It appears that Jane Doe 2 was unaware of the abuse but will likely become aware of what happened when she is older. The government has met with Jane Doe 1 who is still scared and in shock. She and her mother do not plan to attend the sentencing because "they never want to see him again and hope he never gets out of prison."

The government asks the Court to take all the harm caused by the defendant's conduct into consideration when determining the appropriate sentence.

## VI.  CONCLUSION

For all these reasons, the government respectfully asks this Court to sentence the defendant to 50 years' imprisonment, followed by lifetime supervised release with all recommended conditions sought by U.S. Probation.  The Court must also inform the defendant of his statutory responsibility to register as a sex offender, impose a $100.00 special assessment, and enter a final order of forfeiture.[4]

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
Joyce King
Special Assistant Unite States Attorney

By: *(signed)*
Paul E. Budlow
Assistant United States Attorney

---

[4] With regard to restitution, the defendant agreed to pay restitution to all minor victims of his conduct, including victims incorporated as relevant conduct.  Due to a variety of delays, including forensic examination backlogs at the National Center for Missing and Exploited Children, the necessary reports that identify and notify victims who have indicated a desire to seek restitution have not been completed, but may be completed before the end of the year.  Regardless of the completion date of the examinations, the process of notification and submitting claims will not be completed prior to the sentencing on January 3, 2023.  The government therefore requests, pursuant to 18 U.S.C. § 3663(c)(5), that the final determination of restitution be scheduled after the requests are submitted, and not more than 90 days after sentencing.